# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT NWAFOR,** | : | **CIVIL NO. 1:15-CV-2112** |
| | : | |
| Petitioner, | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ICE/HOMELAND SECURITY,** | : | |
| | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

**I.      Statement of Facts and of the Case**

This case involves a habeas corpus petition filed by the petitioner, a federal prisoner, on November 3, 2015. (Doc. 1.) In this petition, the petitioner challenged his continued immigration detention pending removal from the United States. (Id.) This case was referred to the undersigned, and we have noted that orders filed in this matter and sent to Nwafor have been returned as undeliverable. (Docs. 6 and 7.) Furthermore, inquiry with the Bureau of Prisons Inmate Locator Service[1] reveals that Nwafor is no longer in custody and was released on October 30, 2015.

On these facts, we conclude that this petition should now be dismissed both as moot, and because Nwafor's failure to advise us of his whereabouts violates the rules of this court and now totally frustrates and defeats any effort on our part to address this

---

[1] http://www.bop.gov/inmateloc/

case.

## II.  Discussion

In light of the fact that Nwafor is not longer in custody and has provided us with no address where he can be reached, this case is now moot and should be dismissed. The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions mootness questions frequently turn on straightforward factual issues. Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted). In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions

filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the release of an immigration detainee from custody renders moot any further complaints regarding the fact of that detention. Sanchez v. Attorney General, 146 F. App'x 547 (3d Cir. 2005).. Similarly, the deportation of an alien also makes an immigration habeas corpus petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).

Likewise, as a *pro se* litigant Nwafor's failure to maintain an address where he could be reached itself violated the rules of this court; specifically, Local Rule 83.18, which provides that:

> **LR 83.18 Appearance of Parties Not Represented by Counsel.**
>
> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

Under the Local Rules of this Court the petitioner should also be deemed to have abandoned this lawsuit by failing to provide the court with an address where he can be reached, a direct violation of Local Rule 83.18. Nwafor's on-going violation

of Local Rule 83.18, permits the court to find that he has abandoned this litigation. In this circumstance, dismissal of this action for failure to abide by the rules of this court, and failure to prosecute, is fully justified. See, e.g., Juaquee v. Pike County Corr. Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Kuhn v. Capitol Pavilion, 1:11-CV-2017, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012); Educ. Mgmt. Services, Inc. v. Pennsylvania, 1:10-CV-00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); Olguin v. Burgerhoff, 1:12-CV-0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); Nowland v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D. Pa. Jan. 3, 2012); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011); Washington v. Columbia County Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011). These basic tenets of fairness apply here. In this case, the petitioner has failed to comply with Local Rule 83.18 by providing an address where we can communicate with this litigant. These failures now compel us to apply the sanction called for under Rule 83.18, and deem the petitioner to have abandoned this litigation.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Petition be DISMISSED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,

recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of November, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge